UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

*Case Numbers:* C107-00536 and C107-00537

| | |
|---|---|
| UNITED STATES OF AMERICA § § § | **CV 07   2967** |
| vs. § § § | **PLATT, J.** |
| Gary T. Certain § | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of New York State within the jurisdiction of this Court and may be served with service of process at 27 Charter Ave, Dix Hills, NY 11746.

### The Debt

#### First Cause of Action - Claim Number: C107-00536

3. The debt owed the USA is as follows:

| | |
|---|---|
| A. Current Principal | $13,759.78 |
| B. Current Capitalized Interest Balance and Accrued Interest *(after application of all prior payments, credits, and offsets.)* | $16,218.26 |
| C. Administrative Fees, Cost, Penalties *(after application of all prior payments,* | |

|  |  |
|---|---|
| *credits, and offsets.)* | $.00 |
| **Total Owed: Claim Number C107-00536** | **$29,978.04** |

### Second Cause of Action - Claim Number: C107-00537

4. The debt owed the USA is as follows:

|  |  |
|---|---|
| A. Current Principal | $9,524.20 |
| B. Current Capitalized Interest Balance and Accrued Interest *(after application of all prior payments, credits, and offsets.)* | $8,869.92 |
| C. Administrative Fees, Cost, Penalties *(after application of all prior payments, credits, and offsets.)* | $.00 |
| **Total Owed -Claim Number C107-00537** | **$18,394.12** |

**TOTAL OWED (Claim Numbers C107-00536 and C107-00537)**

**$48,372.16**

The Certificate of Indebtedness, attached as Exhibit "A" and "B"" show the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the respective Certificates of Indebtedness, are correct as of the date of the Certificates of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 10.000% per annum on Claim Number C107-00536, and 8.490% per annum on Claim Number C107-00537 .

#### Failure to Pay

6. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

**WHEREFORE**, USA prays for judgment:

A. For the sums set forth in paragraph 3 and 4 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

B. For such other relief which the Court deems proper.

Date: July 16, 2007

Respectfully submitted,

By: _____
Liberatore J. Iannarone
Mullen & Iannarone, P.C.
Attorneys for Plaintiff
300 East Main Street
Smithtown, NY  11787

Tel. No. (631)361-7050
Fax No. (631)361-7354

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS #1 OF 2

GARY T. CERTAIN
aka: GARY CERTAIN
27 CHARTER AVE
DIX HILLS, NY 11746
Account No. 066687519

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 5/15/2007.

On or about 6/18/1991 & 1/6/1991, the borrower executed promissory note(s) to secure loan(s) of $7,500.00 & $7,500.00 from AMERITRUST COMPANY NATIONAL ASSOCIATION at 8% interest, rising to 10% after the fourth year of repayment. This loan obligation was guaranteed by PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $162.09 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 1/25/1994, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $15,863.56 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 3/9/2000, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $13,759.78 |
| Interest: | $15,984.53 |
| Total debt as of 5/15/2007: | $29,744.31 |

Interest accrues on the principal shown here at the rate of $3.77 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 5/22/07

Alberto Francisco
Loan Analyst
Litigation Support Senior Loan Analyst

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

## CERTIFICATE OF INDEBTEDNESS #2 OF 2

GARY T. CERTAIN
aka: GARY CERTAIN
27 CHARTER AVE
DIX HILLS, NY 11746
Account No. 066687519

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 5/15/2007.

On or about 6/18/1991 & 1/6/1991, the borrower executed promissory note(s) to secure loan(s) of $4,000.00 & $4,000.00 from AMERITRUST COMPANY NATIONAL ASSOCIATION at a variable rate of interest to be established annually by the Department of Education. This loan obligation was guaranteed by PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 8/10/1993 & 7/10/1993, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $9,962.53 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 3/9/2000, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $9,524.20 |
| Interest: | $8,732.57 |
| Total debt as of 5/15/2007: | $18,256.77 |

Interest accrues on the principal shown here at the current rate of 8.49% percent and a daily rate of $2.21 through June 30, 2007, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 5/21/07

Alberto Francisco
Loan Analyst
Senior Loan Analyst
Litigation Support